Okay, the next two cases on the calendar are tandem cases, so they'll be argued together. Shenzhen Lanteng Cyber Technology Company versus Amazon.com Services et al, and US Rising Star Inc versus Amazon.com Inc et al. And the appellant is on submission, so we'll hear from Mr. Manglieri. You can begin whenever you're ready. You have 10 minutes total for both. Thank you, Your Honor. John Manglieri, Demonstrator in Maine for the appellees, Amazon.com and Amazon.com Services. May it please the court. This is really a textbook case about the limited scope of judicial review of properly rendered arbitration awards in the face of what are really just brazen collateral attacks on the findings of the arbitrators. These two cases have come up, but in the briefs you'll note that there are actually many cases, all brought by the same counsel, attacking arbitration awards against Amazon sellers. Only two arguments are made by the appellant in the opening brief, although other arguments are improperly made on reply. The first is that both of the district courts did not appreciate that there had been manifest disregard of the law in finding that the Washington state governed liquidated damages provision was enforceable. And the second is a public policy argument. On the manifest disregard argument, both of the arbitration awards and both of the district courts have recognized that manifest disregard is an extremely narrow and limited type of review and that the appellant would have to show that an arbitrator knew of a governing legal principle and refused to apply it or ignored it altogether and that the law ignored by the arbitrator was well defined, explicit and clearly applicable to the case. But both judges, both district judges in both of these tandem cases use almost the exact same words in describing the challenge that the appellant makes. One says Rising Star's argument boils down to an assertion that the arbitrator got the law wrong and the other says Petitioner's arguments boil down to a contention that the arbitrator did not get it right. Neither of those types of challenges are cognizable before the district court or before this court on review. They are merely collateral attacks on decisions that the arbitrators properly made. In Lanting, the district court notes that the arbitrator's award specifically cites to an en banc opinion by the Supreme Court of the state of Washington, Watson. We don't disagree. That's the governing law regarding liquidated damages provisions enforceability under Washington law and also cites to Wallace. And after considering the decision, it determines that the liquidated damages provision is enforceable. And in the U.S. Rising Star case, there is a, quote, extended discussion of the applicable standard for enforcing liquidated damages provisions under Washington law according to the district judge and again finds that the arbitrator adequately considered and made a finding of respecting the liquidated damages provision, namely that it is enforceable. On reply, the appellant raises new arguments that were not raised initially on the appeal, arguments that were argued below but not preserved. And there argues that the provisions in Section 2 of the Amazon Business Services Agreement are unconscionable. Again, both of these things were fully considered by the arbitrators and again affirmed in confirming the awards by the district judges that the arbitrators evaluated the correct law in Lantang. The district judge notes that another Supreme Court unbanked decision, Nelson, is cited. U.S. Rising argues different law under Zuver and Burnett, other Washington state decisions. They are fully analyzed in the arbitration awards. A decision is made that the provision is not substantively or procedurally unconscionable and in both instances the district judges agree that there has been no manifest disregard of the law. In reply on both appeals, there's a new argument that the decisions also violate public policy. And here the district judges have three issues with the public policy decisions, all of which are correct. First, the public policy arguments were first made in reply on the motions to vacate, so there was no opportunity to respond. The second is they were not argued below in the arbitration, so both district judges. Actually, I beg your pardon, the Lantang district judge notes that it is not properly preserved on appeal. And then both judges agree that where there's an argument about public policy regarding the enforcement of an award, it's the state confirming the awards law that applies, not the state governing the contract. In other words, the convention in the FAA would only allow this court to disregard a properly rendered arbitration decision when it offends the law of New York, not of Washington. The argument in the briefs is all Washington law. Both district judges in U.S. Rajiv and Lantang note that there is no identification of any New York public policy that would be offended by the enforcement of the arbitration awards. And lastly, the argument about Washington law, which as I say is inapplicable, only argues about an Arizona bankruptcy court predicting Washington law to hold that a completely different provision of the BSA is unenforceable. It simply couldn't be less important to this case because it's not precedential authority from Washington and it also is discussing a different challenge to the BSA. Lastly, in only U.S. Rising, after this court ordered that the arguments for Lantang and U.S. Rising be held in tandem, the appellate raised a new argument that section 18 of the BSA that requires individual arbitrations should be ruled unenforceable by this court essentially seeking what appears to be a sort of new declaratory judgment before the Second Circuit never raised below. And most confusingly, it's based on overruled authority in Scott versus singular wireless which was explicitly overruled by AT&T Mobility versus Concepcion and has been recognized by the Ninth Circuit as being overruled. Of course, the Supreme Court has held that class action waivers and arbitration provisions are in fact enforceable. So for all of those reasons, the validly rendered arbitration awards should be confirmed. The district court's decisions denying the motions to vacate and granting the motions to confirm should be affirmed and this court should recognize its long-standing precedent that the scope of review of a arbitrator's award is limited. All right. Thank you, Mr. McAleary. We'll reserve decision. Have a good day. Thank you, Your Honors. Okay, the last case on today's calendar is United States versus Blanding.